IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD ODICHO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SWEDISH COVENANT HOSPITAL,<br>JANE LEE, individually,<br><br>　　　　Defendant. | Case No.<br><br>**Trial by jury demanded.** |

## COMPLAINT

COMES NOW the Plaintiff, by and through his attorneys, The Case Law Firm, LLC, and for his Complaint against Defendant states as follows:

### Introduction

This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"); The Illinois Minimum Wage Law, 820 ILCS §105/1 et. seq.; the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 et. seq. and Illinois common law.

### Jurisdiction & Venue

1. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) and (c).

### Factual Allegations

2. Plaintiff Edward Odicho ("Plaintiff") is a citizen of the United States and a resident of Chicago, Cook County, Illinois.

3. Defendant Swedish Covenant Hospital ("Defendant") is an Illinois corporation qualified and doing business in Chicago, Cook County, Illinois.

4. Defendant Jane Lee ("Defendant Lee") is a citizen of the United States and a resident of Chicago, Cook County, Illinois.

5. At all relevant times, Defendant was an "employer" as defined by the aforementioned statutes.

6. At all relevant times, Plaintiff was an "employee" entitled to the protections of the aforementioned statutes.

7. Plaintiff began working for Defendant in March 2013 as a clinical pharmacist.

8. Throughout Plaintiff's employment, he always met and exceeded performance expectations, and as a result, received positive performance praise and feedback from his supervisors and peers.

9. Plaintiff was a non-exempt employee who was paid hourly.

10. Defendant's policies required employees who worked more than 7.5 hours to take thirty-minute unpaid meal breaks. Defendant's payroll system automatically deducted this unpaid 30-minute break from hourly employees' paychecks.

11. During his employment, Plaintiff was oftentimes forced to work through his meal breaks due to severe understaffing in the pharmacy. On the days he was forced to forego his breaks, Defendant still deducted the thirty minutes of pay from Plaintiff's paychecks.

12. Plaintiff complained to his managers many times about the lack of breaks and illegal deductions from his paycheck.

13. In one instance, on or around January 31, 2017, Plaintiff complained to Defendant Lee about working ten-hour days without a break. Defendant Lee refused to remedy the issue

and, instead, told Plaintiff that others worked ten-hours days without a break and she did not know why he had a problem with it.

14. Instead of remedying the unlawful practice, one week later, on or around February 7, 2017, Defendant Lee issued Plaintiff his first-ever disciplinary warning which falsely accused him of behaving aggressively toward her.

15. A few months later, on or around March 3, 2017, Plaintiff again complained to Defendant Lee about working long hours and not receiving a break.

16. In response, on or around March 14, Defendant Lee issued Plaintiff a second incident report which contained another provably false accusation. This time, Defendant Lee falsely accused him of inappropriately touching a co-worker yet the co-worker who Defendant Lee claimed he touched denied that it ever happened.

17. Then, on June 27, 2017, Plaintiff used the employee feedback portion of his performance review to again complain about the pharmacy being understaffed.

18. Three days later, on June 30, 2017, Defendant Lee issued Plaintiff another disciplinary warning and tried to suspend him after he accidentally left a cabinet open the night before.

19. In the past, others have left the same cabinet open by mistake and Defendant Lee did not discipline them let alone suspend them.

20. At this point, Plaintiff felt as if he had no choice but to send a letter to Ramesh Patel, Senior Director of Pharmacy Services and Clinical Research, on July 3, 2017. In that letter, Plaintiff specifically complained about the lack of breaks and the deductions from his check. Plaintiff then retained an attorney who contacted Human Resources regarding the unpaid compensation.

21. On or around July 6, 2017, Plaintiff met with Human Resources to discuss the lack of breaks and illegal deductions in his pay.

22. On or around July 18, 2017, Mr. Patel informed Plaintiff that they had discovered ninety-nine days in which Plaintiff had worked ten hours without a break. As a result, Defendant paid Plaintiff $1,909.04 to allegedly compensate him for the illegally withheld wages and unpaid overtime but refused to provide him the liquidated damages, interest or attorneys' fees due on such amounts. Defendant also did not provide Plaintiff with any documentation regarding its calculations. Defendant also did not credit Plaintiff with the vacation time which should have accrued for the hours that he worked through his break.

23. After this, Defendant Lee continued to retaliate against Plaintiff by oftentimes refusing to work with him and/or provide the proper support staff. Ms. Lee did not similarly do this to the other pharmacists and consistently assigned adequate support staff on the days she worked.

24. Ms. Lee's retaliation with respect to repeatedly refusing to work with Plaintiff or schedule adequate support staff to work with him created an unsafe environment for the Hospital's patients. Plaintiff complained internally about this but Defendant refused to correct it. As a result, Plaintiff felt as if he had no choice but to resign because he could not risk putting the patient's health and safety at risk because of long hours with no support.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST SWEDISH COVENANT HOSPITAL

25. Plaintiff incorporates by reference the preceding paragraphs 1-24 as though fully set forth in this Count I.

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., Plaintiff was entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

27. Defendant knowingly and willfully refused to pay Plaintiff for all hours worked.

28. Defendant has refused to pay Plaintiff the full compensation owed to him under the statute.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award back pay equal to the amount all unpaid compensation and overtime for the past three years;

B. Award prejudgment interest;

C. Award him liquidated damages;

D. Award attorneys' fees and costs of suit; and

E. Award all other relief the court deems necessary and appropriate.

**COUNT II**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**AGAINST SWEDISH COVENANT HOSPITAL**

29. Plaintiff incorporates by reference the preceding paragraphs 1-24 as though fully set forth in this Count II

30. As described in the foregoing paragraphs, Defendant failed to pay Plaintiff all the wages owed to him when it knowingly and willfully deducted thirty minutes from his paycheck on the days that he could not take a break.

31. Defendant also failed to credit Plaintiff with the additional vacation time owed to him for the unpaid hours worked. Upon separation, Plaintiff was not paid for this additional accrued but unused vacation.

5

32. Defendant owes Plaintiff unpaid wages and unpaid accrued but unused vacation time plus a 2% penalty per month on those unpaid amounts.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

B. Award Plaintiff 2% interest on all unpaid amounts;

B. Award attorneys' fees and costs of suit; and

C. Award all other relief the court deems necessary and appropriate.

### COUNT III
### RETALIATION IN VIOLATION OF THE FLSA AGAINST
### SWEDISH COVENANT HOSPITAL

33. Plaintiff incorporates by reference the preceding paragraphs 1-24 as though fully set forth in this Count III.

34. Plaintiff repeatedly engaged in protected conduct when he complained internally that he was not being paid for the time he worked.

35. Defendants retaliated against Plaintiff by repeatedly accusing him of false performance failings, by trying to suspend him from work and by forcing him to work in an understaffed and unsafe environment.

36. Because of the danger the understaffed pharmacy posed to Plaintiff, Plaintiff was constructively discharged from his employment.

37. WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff lost wages and benefits resulting from his constructive discharge;

B. Award Plaintiff liquidated damages;

C. Award Plaintiff emotional distress damages;

D. Award Plaintiff his attorneys' fees incurred in bringing this action;

E. Award all other relief the court deems necessary and appropriate.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AGAINST SWEDISH COVENANT HOSPITAL

38. Plaintiff incorporates by reference the preceding paragraphs 1-24 as though fully set forth in this Count IV.

39. Plaintiff repeatedly engaged in protected conduct when he complained internally that he was not being paid for the times he worked through his unpaid break.

40. Defendant retaliated against Plaintiff by repeatedly accusing him of false performance failings, by trying to suspend him from work and by forcing him to work in an understaffed and unsafe environment.

41. Because of the danger the understaffed pharmacy posed to Plaintiff, Plaintiff was constructively discharged from his employment.

42. WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff lost wages and benefits resulting from his constructive discharge;

B. Award Plaintiff emotional distress and punitive damages;

C. Award Plaintiff his attorneys' fees incurred in bringing this action;

D. Award all other relief the court deems necessary and appropriate.

## COUNT V
## DEFAMATION AGAINST LEE AND SWEDISH COVENANT HOSPITAL

43. Plaintiff incorporates by reference the preceding paragraphs 1-24 as though fully set forth in this Count V.

44. Ms. Lee's false statements regarding Plaintiff behaving aggressively toward her and inappropriately touching another employee are defamatory *per se* in that they impute to Plaintiff a want of integrity and lack of ability in his work and profession.

45. Ms. Lee publicized these statements without privilege when she issued Plaintiff his disciplinary notices which were shared with Mr. Patel and human resources. Additionally, Ms. Lee also shared the accusations with other members of the pharmacy staff.

46. Ms. Lee made these statements with full knowledge of their falsity and Defendant Swedish is vicariously liable for her conduct.

47. As a direct and proximate result of Ms. Lee's false and defamatory statements, Plaintiff suffered damage to his reputation, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court award him reputational and punitive damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,

EDWARD ODICHO

By:   /s/ Kristin M. Case
One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
The Case Law Firm, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Telephone (312) 920-0400
Facsimile (312) 920-0800